## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

JESSE R. McNUTT                                                                   PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:10CV-30-R

EDWIN N. WHITE                                                DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff Jesse R. McNutt filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1] He sues Edwin N. White "individually & in his official capacity on behalf of the State of Kentucky." As his statement of claim, Plaintiff writes:

> COURT PLACED CONDITIONS AND RESTRICTIONS ON LAYMANS' RIGHT TO TESTIFY
> Your layman objected to the oath or affirmation on the grounds it violated his belief and because it is forbidden according to my sincerely held spiritual and religious beliefs. According to the Sacred Writings (Holy Bible) it is **NOT** allowed as stated in Matthew 5:33-37 and James 5:12. Layman is forbidden to swear or affirm because "swear" has become synonymous and interchangeable with the word "affirm" as is evidenced in 1 U.S.C. 1 and many other authorities. The Court denied your layman's First & 14th Amendment Rights.

Plaintiff seeks $2 million in actual damages as a result of being denied his rights to testify "resulting in property being ordered sold." He additionally seeks over $2 million in punitive damages.

---

[1] In the complaint, Plaintiff cites to 42 U.S.C. § 1985 on one occasion. As his complaint is devoid of any allegation of a conspiracy, however, no § 1985 claim can be maintained.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

As a preliminary matter, the Court advises that Plaintiff identifies Defendant White only as a state employee without indicating Defendant White's specific state position or title. It appears, however, within the context of Plaintiff's allegations, that Defendant White is a state-court judge.

In order to state a claim under § 1983, a plaintiff must allege not only violations of rights secured by the Constitution and laws of the United States, but must also show that the alleged deprivation was committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A state, its agencies, and state officials sued in their official capacities for damages are not considered "persons" for the purpose of a § 1983 claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, as a state official sued in his official capacity for damages, Defendant White is not a "person" subject to suit under the Act.

Further, a suit against a state official in his official capacity is not a suit against the official but rather a suit against his official office. *Will v. Mich. Dep't of State Police*, 491 U.S. at 70. Essentially, it is deemed a suit against the state itself, and a state may not be sued in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment

or Congress has overridden it. *Alabama v. Pugh*, 438 U.S. 781, 782 (l978). The Commonwealth of Kentucky has not waived its immunity, *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). The official-capacity claims for damages against Defendant White are thus barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994) ("In other words, since a official-capacity claim for retroactive relief is deemed to be against the State whose officers are the nominal defendants, the claim is barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

As to the individual-capacity claims against Defendant White, the law is clear. A judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A judge is subject to liability only for nonjudicial actions or if performed acts which were judicial in nature were taken in the "clear absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 133 F.3d at 1440. Two factors are used to perform this functional analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland*, 133 F.3d at 1441. A judge acts in clear absence of all

4

jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland*, 133 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Acting in error, maliciously, or in excess of his authority is not enough. *Stump*, 435 U.S. at 355; *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) ("Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.").

Both factors used for the functional analysis indicate that the alleged wrongful act, denying Plaintiff the right to testify, was judicial in nature. Further, Plaintiff has not alleged, much less shown, that Defendant White acted "in clear absence of all jurisdiction." Defendant White, therefore, is absolutely immune from suit under § 1983.

The Court will dismiss the action by separate Order.

Date:


cc:  Plaintiff, *pro se*
     Defendant
     Kentucky Attorney General
4413.005